# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetric Hardaway, | No. 8:13-cv-02621-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| Warden of Lee Correctional Institution, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 24), recommending that Respondent's Motion for Summary Judgment be granted. For the reasons stated below, the Court **ADOPTS** the R & R and **GRANTS** Respondent's Motion for Summary Judgment.

## I. Background

On September 25, 2008, Petitioner pleaded guilty to voluntary manslaughter and was sentenced to twenty (20) years imprisonment. (Dkt. No. 18-1 at 1-20). Petitioner did not appeal his plea or sentence. Petitioner filed an Application for Post-Conviction Relief (PCR) on April 30, 2009. (Dkt. No. 18-1 at 22). Petitioner was appointed PCR counsel who raised claims of ineffective assistance of counsel and involuntary guilty plea. (Dkt. No. 18-2). On May 2, 2011, the PCR court dismissed Petitioner's application in its entirety. (Dkt. No. 18-1 at 83-90).

Through PCR appellate counsel, Petitioner filed a petition for writ of certiorari in the South Carolina Supreme Court, presenting the sole issue of whether plea counsel was ineffective in his assessment of Petitioner's ability to establish a self-defense case at trial. (Dkt. No. 18-3). The South Carolina Supreme Court transferred the matter the South Carolina Court of Appeals,

which denied the petition on July 16, 2013. (Dkt. No. 18-8). Remittitur was issued on August, 2013. (Dkt. No. 18-9).

Petitioner then filed this federal habeas corpus petition, raising the following grounds for relief:

> **Ground One (a)**: Ineffective Assistance of Counsel for failing to explain the nature and crucial elements of the offense, the maximum and mandatory minimum penalty and the nature of the constitutional rights being waived prior to accepting the plea of guilt;
>
> **Ground One (b)**: Ineffective Assistance of Counsel for fail[ing] to interview witnesses;
>
> **Ground One (c)**: Ineffective Assistance of Counsel for erroneously advis[ing] me that I could not show that I was without fault in bringing on the difficulty because I followed the decedent;
>
> **Ground One (d)**: Ineffective Assistance of Counsel for fail[ing] to fully investigate my self-defense claim(s);
>
> **Ground Two**: Involuntary and unknowing guilty plea because circuit court failed to advise me of the nature and crucial elements of the offense, the maximum and mandatory minimum penalty prior to accepting the plea of guilt.

(Dkt. No. 1 at 6, 10)

The Magistrate Judge recommended that summary judgment be granted to Respondent, finding (1) that Grounds One (a), One (b), One (d), and Two were procedurally barred and (2) that Petitioner failed to show that the PCR court's and South Carolina Supreme Court's rulings on Ground One (c) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. (Dkt. No. 24). Petitioner filed timely objections to the R&R. (*See* Dkt. No. 26.)

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the

burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

**A. Procedurally Barred Claims - Grounds One (a), One (b), One (d)**

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

Here, Petitioner failed to raise Grounds One (a), One (b), One (d) in his Petition for Writ of Certiorari seeking review of the PCR court's ruling. Thus, these issues are procedurally barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule and actual prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

Petitioner claims that his PCR appellate counsel was ineffective for not raising these issues in his petition for writ of certiorari and that PCR appellate counsel's ineffectivenss constitutes cause. (*See* Dkt. No. 26 at 2). Generally, a PCR attorney's negligence does not establish cause for a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). However, the Supreme Court recognized a narrow exception to this general rule in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), holding that, in certain circumstances, ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial.

The Magistrate Judge held that the *Martinez* exception does not extend to PCR *appellate* counsel, but only to counsel in the initial (trial level) PCR proceeding. (Dkt. No. 24 at 21). In his objections, Petitioner cites authority for the proposition that defendants in criminal proceedings have a right to counsel in the first direct appeal; these authorities do not address any issues regarding PCR appellate counsel. (*See* Dkt. No. 26 at 2); *Evitts v. Lucey*, 469 U.S. 387, 394 (1985) ("This right to counsel is limited to the first appeal as of right.").

The Magistrate Judge is correct that the *Martinez* exception does not extend to PCR appellate counsel. *See e.g., Crowe v. Cartledge*, No. 9:13–cv–2391, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v. Stevenson*, No. 1:11–cv–02874, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013) ("*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). The Supreme Court expressly noted that its holding in *Martinez* "does not concern attorney errors in other kinds of proceedings, ***including appeals from initial-review collateral proceedings***, second or successive collateral proceedings,

-5-

and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320 (emphasis added). Therefore, Petitioner has not demonstrated cause for not raising these issues in his petition for writ of certiorari, and these grounds are procedurally defaulted.[1]

## B. Procedurally Barred Claim - Ground Two

Petitioner did not raise Ground Two on direct appeal. Thus, these issues are procedurally barred from federal habeas review unless Petitioner can show (1) cause for not appealing this issue and actual prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). Before the Magistrate Judge, Petitioner did not argue that he had cause for not raising Ground Two on direct appeal. (*See* Dkt. No. 22). Thus, the Magistrate Judge found this issue procedurally defaulted. (Dkt. No. 24 at 20). Petitioner now raises in his objections to the R & R, for the first time, that he has cause for not filing a direct appeal, namely that he was not informed of his right to direct appeal. (Dkt. No. 26 at 3).

Even if Petitioner could show cause for not directly appealing this issue, he cannot show any prejudice from the trial judge failing to advise Petitioner regarding the elements of the offense and the mandatary minimum penalty.[2] The PCR court specifically found that Petitioner had been advised *by counsel* of the elements and the sentencing range for the offense before he

---

[1] Nor has Petitioner shown a miscarriage of justice. To do so, he must show that he is actually innocent. *See House v. Bell*, 547 U.S. 518, 536-37 (2006)

[2] The trial judge did inform Petitioner that voluntary manslaughter carried a sentence of up to thirty years in prison and that the offense was a two strike offense. (Dkt. No. 18-1 at 4-5).

pled guilty.[3] (Dkt. No. 18-1). Therefore, he is not prejudiced by the trial judge's failure to so advise him, and the issue is procedurally defaulted.

## C. Ground One (c) - Ineffective Assistance of Counsel

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Petitioner argues that defense counsel was ineffective for erroneously advising Petitioner that he could not establish that he was without fault for bringing on the danger, precluding a successful self-defense claim. The PCR court addressed this issue:

---

[3] Petitioner's counsel specifically negotiated the plea agreement for a sentence of twenty years, and Petitioner was aware of this and agreed to the plea agreement. (Dkt. No. 18-1 at 4, 14, 16, 20).

-7-

> This Court finds that counsel properly investigated [Petitioner's] self-defense claim. Counsel had a legitimate concern about whether the jury would find that [Petitioner] was not at fault for bringing about the danger. [Petitioner's] attorneys discussed the elements of self-defense with him, informed him of the pros and cons of accepting the plea offer, and allowed [Petitioner] and his family to make he ultimate decision on whether to plead guilty or go to trial.
> . . .
> Accordingly, this Court finds [Petitioner] has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. [Petitioner] failed to present specific and compelling evidence that his attorneys committed either errors or omissions in their representation of [Petitioner]. [Petitioner] failed to show that counsel's performance was deficient. This Court also finds [Petitioner] has failed to prove the second prong of Strickland, specifically that he was prejudiced by plea counsel's performance. [Petitioner's] complaints concerning counsel's performance are without merit and are denied and dismissed.

(Dkt. No. 18-1 at 89). At the evidentiary hearing, the PCR court noted that

> [B]ased on what is recited in the record of this case and what transpired, there were some major issues with the self-defense. . . But one of the main problems, aside from bringing on the difficulty, is the fact that he did not have to be there. He could have left. . . . [T]here was no reason for the confrontation. That is the rub.

(Dkt. No. 18-1 at 69).

The Court agrees with the Magistrate Judge that the PCR court's decision was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The record supports the conclusion that there were substantial issues with Petitioner's self-defense claim under South Carolina law. The PCR court's application of *Strickland* was reasonable. Therefore, Petitioner is not entitled to habeas corpus relief on this ground, and summary judgment is appropriate.

## IV. Conclusion

For the reasons stated below, the Court **ADOPTS** the R & R (Dkt. No. 24). Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 17) and dismisses the habeas petition with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

August 2̲9̲, 2014
Charleston, South Carolina